UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE ALTER, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | Civil Action No. 25-01160 (AHA) |

**Memorandum Opinion**

Joe Alter filed this pro se suit against the Department of Justice, asserting it has failed to investigate credible allegations of criminal misconduct by the executive branch and asking the court to appoint a special prosecutor to investigate. The court dismisses the case because for all claims this court either lacks subject matter jurisdiction or the complaint fails to state a claim.

**I.     Background[1]**

Alter alleges the Department has failed to "investigate credible allegations of criminal misconduct by the Executive Branch, including violations of the Presidential Records Act, 44 U.S.C. §§ 2201–2209, obstruction of justice, and potentially the Espionage Act, 18 U.S.C. § 793 et seq." ECF No. 1 at 2. This includes "widespread use of encrypted and auto-deleting messaging platforms, including Signal, by senior officials within the current presidential administration to discuss and coordinate official United States government business, including matters of military

---

[1] As required at this stage, the court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Alter's favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

and foreign policy significance." *Id*. Alter asserts that the Department "has exclusive authority to investigate and prosecute violations of federal law but has unlawfully declined to pursue" these allegations "due to political conflicts of interest." *Id.* at 3. He asks this court to appoint "a special prosecutor, independent from the DOJ, to investigate and prosecute all unlawful activities relating to the use of unauthorized and unrecorded communications by executive officials." *Id.* at 2. And he seeks "a declaratory judgment that the DOJ's failure to investigate and prosecute is unlawful" and an injunction prohibiting "the continued use of unarchived encrypted messaging platforms by executive officials for government business." *Id.* at 5. The Department moves to dismiss for lack of subject matter jurisdiction, asserting that the court lacks authority to compel the exercise of prosecutorial discretion. ECF No. 8.

**II.    Discussion**

To survive dismissal for lack of subject matter jurisdiction under rule 12(b)(1), a plaintiff must show that the court has subject matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). The court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). And to survive dismissal for failure to state a claim under rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all

the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, each of Alter's claims fails for either lack of subject matter jurisdiction or failure to state a claim. He brings claims stemming from the Department's alleged failure to investigate and prosecute allegations regarding the use of auto-deleting messages by executive officials, but "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). "Because prosecutorial discretion lies within the executive's sphere, the exercise of such discretion is not generally reviewable by the courts." *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1136 (D.C. Cir. 2023). Accordingly, courts routinely dismiss claims that "stem from [an agency's] alleged failure to investigate and prosecute alleged crimes." *Kidwell v. FBI*, 813 F. Supp. 2d 21, 28 (D.D.C. 2011); *see, e.g.*, *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (dismissing claims seeking to compel the appointment of a

special prosecutor to investigate alleged criminal conduct); *Halliday v. Wilkinson*, No. 20-cv-3444, 2021 WL 518015, at *1–2 (D.D.C. Feb. 11, 2021) (dismissing claim seeking to compel a federal investigation by the Attorney General and Director of the Federal Bureau of Investigation); *Mann v. United States*, No. 20-cv-1337, 2022 WL 888181, at *3–5 (D.D.C. Mar. 24, 2022) (dismissing claim based on allegations that various Department components have failed to investigate allegations of wrongdoing).

Alter asserts that the Department's "refusal to investigate or prosecute these violations constitutes unlawful agency action, arbitrary and capricious conduct, and an abuse of discretion" in violation of the Administrative Procedure Act ("APA"). ECF No. 1 at 5. But the APA exempts from judicial review "agency action" that "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). It is well established the decision not to investigate or prosecute allegations is "committed to agency discretion" and therefore unreviewable under the APA. *See Wightman-Cervantes*, 750 F. Supp. 2d at 80 ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review" under the APA.). Alter accordingly fails to state a claim under the APA. *See Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011) (explaining that "a complaint seeking review of agency action 'committed to agency discretion by law,' 5 U.S.C. § 701(a)(2), has failed to state a claim under the APA, and therefore should be dismissed under Rule 12(b)(6), not under the jurisdictional provision of Rule 12(b)(1)"). And to the extent Alter relies on the All Writs Act and the mandamus statute, those claims must also be dismissed. *See Brady v. Garland*, No. 23-cv-00212, 2023 WL 7213804, at *3 (D.D.C. Sept. 29, 2023), *aff'd*, No. 23-5246, 2024 WL 1693618 (D.C. Cir. Apr. 11, 2024) (holding that the All Writs Act does not supply the court with jurisdiction and dismissing claim seeking to compel the Attorney General to investigate); *Wightman-Cervantes*, 750 F. Supp.

4

2d at 81 (holding that "a writ of mandamus is not available to compel discretionary acts," including the decision of whether and when investigations and prosecutions are to be initiated).

Alter argues he does not bring "a challenge to a discretionary decision not to prosecute" but "challenges the Department's blanket, public refusal to enforce the [Presidential Records Act] in the face of acknowledged, ongoing violations." ECF No. 10 at 2. This does not change the fact that the crux of Alter's complaint is that the Department failed to investigate and prosecute alleged violations of the Presidential Records Act and other statutes, which is precisely the type of discretionary decision that is unreviewable by the court.

Alter also asserts a standalone claim under the Presidential Records Act to "[e]njoin the continued use of unarchived encrypted messaging platforms by executive officials for government business," ECF No. 1 at 5, but this claim fails for multiple reasons. The executive officials he seeks to enjoin are not parties to this litigation. *See Hamilton v. Transportation Sec. Admin.*, 240 F. Supp. 3d 203, 205 (D.D.C. 2016) (recognizing that "the Court is 'powerless to issue an injunction against' non-parties" (citation omitted)). And there is no private right of action under the Presidential Records Act. *See Citizens for Resp. & Ethics in Wash. v. Cheney*, 593 F. Supp. 2d 194, 218 (D.D.C. 2009) (concluding that there is no implied cause of action under the Presidential Records Act); *Citizens for Resp. & Ethics in Wash. v. Trump*, 302 F. Supp. 3d 127, 129–30 (D.D.C. 2018), *aff'd*, 924 F.3d 602 (D.C. Cir. 2019) (explaining that in striking a balance between Congress's desire to ensure that public records are preserved while also minimizing outside interference with the President's operations, "Congress chose not to create a private right of action to enforce the Act"). Even if the act did provide a private right of action, the complaint does not

plausibly allege facts from which the court could infer that the officials or records Alter refers to are governed by the act.[2]

### III.    Conclusion

For these reasons, the Department's motion to dismiss is granted and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   January 2, 2026

---

[2] Alter has filed several other suits in this district and in other courts. *See, e.g.*, *Alter v. Gorsuch*, No. 24-cv-01803, 2024 WL 3314917, at *3 (C.D. Cal. June 28, 2024) (declaring Alter to be a vexatious litigant because he failed "to establish he had non-frivolous grounds to bring this action or justify his incessant abuse of the court's process"); *Alter v. FCC*, No. 24-cv-00745, 2025 WL 1454377 (D.D.C. May 21, 2025); *Alter v. Trump*, No. 24-cv-478, 2024 WL 2077547 (D.D.C. May 9, 2024), *aff'd*, No. 24-5132, 2024 WL 4034461 (D.C. Cir. Sept. 4, 2024), *cert. denied*, 145 S. Ct. 1140 (2025); *Alter v. United States Dep't of Gov't Efficiency*, No. 25-cv-1162, 2025 WL 1279354 (D.D.C. May 3, 2025), *aff'd*, No. 25-5172, 2025 WL 2463705 (D.C. Cir. Aug. 27, 2025). The court does not doubt the sincerity of Alter's concern for the rule of law, but stresses that filing frivolous lawsuits is a counter-productive outlet for that concern, diverting court resources and attention from suits with proper standing, jurisdiction, and colorable claims.